NATHANIEL H. DILLINGHAM *vs.* HORATIO W. BLOOD *et al.*

Penobscot, 1876.—February 7, 1877.

*Promissory notes.*

A note given for intoxicating liquors sold in violation of law, and discounted by a party in good faith without notice of the illegality, may be collected by a holder who purchased the note of such party; although the holder at the time he purchased the note knew of the illegality.

R. S.. c. 27, § 50, construed.

ON EXCEPTIONS.

ASSUMPSIT, upon a promissory note for $2,397.12, dated January 14th, 1875, payable to the order of J. C. Godfrey & Co., six months after date, given by defendants, for intoxicating liquors sold in violation of law.

The note was discounted by the payee, at the Mercantile Bank, in Bangor, January 15th, 1875, and became the property of the bank. Subsequently, on the day the note became due it was purchased of the bank by the plaintiff for its full amount.

At the trial, the defendant Blood, upon the ground that the note was given for intoxicating liquors, offered testimony to show that the plaintiff, at the time of his purchase, had notice of the illegal consideration for which the note was given.

The court ruled thereupon that the plaintiff took the note with all the rights of the bank, and excluded the testimony offered, the plaintiff not relying upon his own want of notice, but on the rights of the bank, his grantor entirely.

The verdict was for the plaintiff; the defendant, Blood, alleged exceptions.

*W. S. Clark*, for the defendant, cited *Field* v. *Tibbetts*, 57 Maine, 358 ; and contended in substance that though true it was that an action could be maintained by the bank, a purchaser of the note without knowledge of the illegal consideration ; and by the common law, could also be maintained by the party who purchased of the bank even with such knowledge ; yet by the statute the common law was so modified as to preclude any party who purchased the note, even before its maturity with such knowledge from recovering ; that the defendant did not, to use a common phrase, step into the shoes of the bank, an innocent holder.

*F. A. Wilson & C. F. Woodard*, for the plaintiff.

PETERS, J. The note sued in this case was given for intoxicating liquors sold in violation of law.

By R. S., c. 27, § 50, in the hands of the payee, no action could be maintained upon it. But it was discounted by a bank, in good faith, before its maturity, for a valuable consideration and without notice of any illegality. By such a party an action could be maintained upon it. The bank afterwards sold the note on the day it became due, to the plaintiff, who had been notified of the illegality before that time. One of the defendants took an exception at the trial to the ruling, that the plaintiff succeeded to all the rights of the bank in the paper when he purchased of them notwithstanding he had notice of the illegality at the time.

The ruling was right. The section cited declares that its provisions shall not "extend to" negotiable paper in the hands of a party situated as the bank was. Such a provision certainly should not affect the paper after it has passed beyond such hands. The inhibition of the statute would in some degree extend to and injuriously affect an innocent holder, if he could not enjoy the same privileges respecting the use or collection of the note as he would

have as owner of any ordinary piece of negotiable paper. The defendants are not injured by the transfer. It is immaterial to them whether the note is enforced in the name of A. or B. The holder of the note in this case must stand upon the same footing as a purchaser of paper does who has notice that a note was fraudulently obtained by a payee, but who buys it of a prior holder against whom no such defense can be set up; as in the case of *Roberts* v. *Lane*, 64 Maine, 108, and in cases cited in that case. See *Field* v. *Tibbetts*, 57 Maine, 358.

It is contended that, if this construction is a correct one, the original payee, who has fraudulently put the note upon the market, could himself buy and sue it in his own name. But that is not so. He is, however, the only person who could not by purchase succeed to the rights of the first innocent holder. And he would be excluded, not upon the ground of notice, but entirely upon another principle applying to his case; and that is, because he was privy to the original illegality and fraud. He could purchase the note, but would be estopped by his own fraud and wrong from enforcing it. See on this point the discussion in *Bailey* v. *Bailey*, 61 Maine, 361.                        *Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.